[745 NYS2d 924]

In the Matter of JOSEPH J.A. TRINGALI, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 5, 2002

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Matthew Renert* of counsel), for Grievance Committee for the Ninth Judicial District.

*Banks Shapiro Gettinger Waldinger & Brennan, LLP,* Mt. Kisco (*Timothy J. Brennan* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Joseph J.A. Tringali, Jr. has submitted an affidavit dated May 22, 2002, in which he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9).

In the course of that affidavit, the respondent notes that he is submitting his resignation voluntarily, free from coercion and duress, and with a full awareness of its implications. He acknowledges that he is presently the subject of a disciplinary proceeding authorized by decision and order of this Court dated November 28, 2001, and of a petition containing allegations of, among other things, neglect, failure to cooperate, and failure to maintain his attorney registration.

The respondent further acknowledges that he has been served with the petitioner's application to supplement the previously-authorized disciplinary proceeding with additional charges, including breach of fiduciary duty, dishonesty, fraud, deceit or misrepresentation, neglect, and failure to provide requested account records.

The respondent avers that if he were to proceed to a disciplinary hearing based upon allegations contained in both the original petition of charges and the supplemental petition, he could not successfully defend himself on the merits.

The respondent is aware that the Court, in any order permitting him to resign, could require him to make monetary restitu-

tion to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waived the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The petitioner joins in the respondent's request that the proffered resignation be accepted in the interests of preserving time and Court resources.

Inasmuch as the resignation tendered by the respondent complies with all required Court rules and regulations, it is accepted, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately. The petitioner's cross motion is denied as academic.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the resignation of Joseph J.A. Tringali, Jr. is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph J.A. Tringali, Jr. is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Joseph J.A. Tringali, Jr. shall comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph J.A. Tringali, Jr. is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that the cross motion by the petitioner is dismissed as academic in light of the Court's acceptance of the respondent's proffered resignation.